**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**XAVIER CRAVENWOLFE,**
**ADC #146852**                                                                          **PLAINTIFF**

**V.**                               **CASE NO. 4:15-CV-735 JM-BD**

**ROBERT CARTER, et al.**                                                    **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I**.      **Procedure for Filing Objections**

      This Recommended Disposition ("Recommendation") has been sent to Judge
James M. Moody Jr.  You may file written objections to this Recommendation.  If you file
objections, they must be specific and must include the factual or legal basis for your
objection.  Your objections must be received in the office of the United States District
Court Clerk within fourteen (14) days of this Recommendation.

      If no objections are filed, Judge Moody can adopt this Recommendation without
independently reviewing the record.  By not objecting, you may also waive any right to
appeal questions of fact.

**II.**      **Background**

      Xavier Cravenwolfe, an Arkansas Department of Correction ("ADC") inmate,
filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983.  (Docket entries
#1, #3)  In his complaint, Mr. Cavenwolfe alleges that was injured by faulty equipment
while working in the saw shop of the furniture factory of the ADC's Wrightsville Unit.

Based on his allegations, the Court determined that he had stated a deliberate indifference claim against the Defendants.

The Defendants have now moved for summary judgment, contending that Mr. Cravenwolfe did not fully exhaust his administrative remedies before filing this lawsuit. (#20)  Mr. Cravenwolfe has responded to the motion.  (#28, #29)

III.   **Discussion**

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss all claims that were not fully exhausted before suit was filed.  See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

The prison's exhaustion requirements, not the PLRA, "define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; see also *Woodford*, 548 U.S. at 90–91.  Thus, to satisfy the PLRA's exhaustion requirement, Mr. Cravenwolfe must have fully complied with the specific procedural requirements of the ADC before filing this lawsuit. Otherwise, the court has no jurisdiction to hear his claims.  *Id.*

Defendants attach the affidavit of Barbara Williams, the ADC inmate grievance

2

supervisor, to their motion.  (#20-1)  Ms. Williams testifies that Mr. Cravenwolfe failed to fully exhaust any grievances relating to the events giving rise to this lawsuit.  (#20-1 at p.1)  Defendants, however, attach to their motion grievance papers that Mr. Cravenwolfe submitted that relate to the underlying lawsuit.

In grievance WR-14-00006, Mr. Cravenwolfe explains that he was injured and identifies Defendant Raper in the body of his grievance.  (#20-1 at p.33)  Warden Payne, however, determined that Mr. Cravenwolfe's grievance was without merit.  (#20-1 at p.34)  Although Mr. Cravenwolfe attempted to appeal Warden Payne's decision, the appeal was rejected because Mr. Cravenwolfe failed to include his ADC number on the attachment, and failed to sign and date the attachment, as required by the ADC grievance procedure.  (#20-1 at pp.35-37)  After the appeal of WR-14-00006 was rejected, there is no evidence that Mr. Cravenwolfe ever attempted to fully exhaust his administrative remedies regarding the issues raised in this lawsuit.

In response to the Defendants' motion, Mr. Cravenwolfe argues that the court should deem his claims exhausted because he filed claims against the Defendants with the Arkansas Claims Commission.  (#28, #29)  Mr. Cravenwolfe might have believed that filing a claim with the Arkansas Claims Commission would satisfy the exhaustion requirement, but filing that claim cannot substitute for the PLRA's requirement that he file a grievance that complies with the ADC's grievance procedure.  The law is clear.  An inmate's subjective beliefs about the effectiveness of the grievance process or confusion

3

about the process cannot excuse the exhaustion requirement. *Chelette v. Harris*, 229 F.3d

684, 688 (8th Cir. 2000).

## IV.    <u>Conclusion</u>

The Court recommends that the Defendants' motion for summary judgment (#20)

be GRANTED.  Mr. Cravenwolfe's claims should be DISMISSED, without prejudice,

based on his failure to exhaust his administrative remedies.

DATED this 13th day of April, 2016.

_____

UNITED STATES MAGISTRATE JUDGE